UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| The Thompsons Film, LLC, | Case No.: 6:13-cv-00469-TC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DOES 1 – 155, | PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY |
| Defendants. | |

**ORDER ON PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY**

This matter came before the Court upon Plaintiff's *ex parte* Motion to Expedite Discovery specifically related to plaintiff's request to serve Rule 45 subpoenas on third parties prior to a Rule 26(f) Conference.

The Court being duly advised does hereby **FIND AND ORDER:**

1.    Plaintiff has established "good cause" to serve third party subpoenas on the Internet Service Providers ("ISPs") for the Internet Protocol ("IP") addresses listed in Exhibit 1 of the complaint in order to identify and specifically name the several Doe defendants.

2.    Plaintiff may serve each ISP with a Rule 45 subpoena commanding the ISPs to provide plaintiff with subscriber identifying information of all parties to whom the ISP assigned the IP addresses set forth in Exhibit 1 of the Complaint. The subscriber indentifying information shall only include the true names, addresses, telephone numbers, contact information and e-mail addresses of the identified defendants, as required by 47 U.S.C. § 551(c)(2)(C).

3.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any party identified in response to a subpoena as a provider of internet services, namely should any IP address identified be sub-licensed to another ISP or the like, plaintiff may serve subpoenas until a specific party is identified.

4.      Subscriber identifying information to be provided to plaintiff as identified above shall not include photographs, emails, or the content of communications which may be subject to The Stored Communications Act, 18 U.S.C. § 2701, et seq., but shall be limited to subscriber identifying information as set forth in paragraph two of this Order.

## NOTICE TO CABLE OPERATORS
(Cable Communications Act of 1984)

5.      If any subpoenaed ISP qualifies as a "cable operator," defined by 47 U.S.C. § 522(5), as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system," **such ISP is notified that 47 U.S.C. § 551(c)(2)(C) requires that any cable operator must provide the subscriber with the opportunity to prohibit or limit the disclosure of subscriber information.**

6.      To satisfy that requirement, each ISP will have fourteen (14) days from the date of service upon it to serve the defendants with a copy of the subpoena and a copy of this order. The ISP may serve the defendants by any reasonable means, including written notice sent to the identified subscriber's last known address by first class mail or overnight delivery

7.      **Defendants shall have thirty (30) days to file any motions in this Court contesting the subpoena, including a motion to quash or modify the issued subpoena.**

ORDER TO EXPEDITE DISCOVERY                                    Page 2 of 3

8.     If the Defendant does not contest the subpoena within the thirty day period, the ISP shall have fourteen (14) days to submit information responsive to the subpoena to counsel for plaintiff.

9.     If the ISP wishes to challenge the subpoena, it must do so before the return date of the subpoena.

10.    **The subpoena must allow for at least sixty (60) days from service to production.**

11.    The subpoenaed entity shall preserve all subpoenaed information pending delivery of such information to counsel for plaintiff, or the final resolution of a timely filed and granted motion to quash the subpoena regarding that information.

12.    A copy of this order must be served with all subpoenas.

13.    The ISPs may invoice plaintiff for reasonable costs incurred in responding to subpoenas issued pursuant to this order and plaintiff is directed to pay all such reasonable costs.

14.    Information disclosed in response to a subpoena issued pursuant to this order may only be used for protecting and enforcing plaintiff's rights as set forth in its complaint.

Dated this 20 day of March , 2013.

By: _____
UNITED STATES MAGISTRATE JUDGE

Prepared by:
Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of counsel for plaintiff