Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Jonathan van Heel, OSB No. 095349
email: jvh@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| The Thompsons Film, LLC, | Case No.:  6:13-cv-00469-TC |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO QUASH AND OBJECTIONS |
| DOES 1- 155, | |
| Defendants. | Does 58 & 116 – MOTIONS TO QUASH  Does 14 & 6 – OBJECTIONS |

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO QUASH AND OBJECTIONS

   Plaintiff herein responds to *pro se* Motions to Quash and Objections, including:

   Document 9: Motion to Quash Subpoena – Doe 58

   Document 10: Motion to Quash Subpoena – Doe 116

   Document 14: Objection to the release of any and all personal information – Doe 14

   Document 15: Objection to the release of any and all personal information – Doe 6

///

///

///

RESPONSE IN OPPOSITION TO MOTION TO QUASH & OBJECTIONS:         1
Docs. 9, 10, 14, 15

## I. INTRODUCTION

Two *pro se* parties have filed motions to quash outstanding subpoenas, Docs. 9 and 10, while two other *pro se* parties have filed anonymous objections to outstanding subpoenas. Docs. 14 and 15. None of the parties have been named as a defendant which plaintiff believes is actually liable in the pending action. Accordingly, plaintiff presently requires the issued subpoenas and continued discovery to ascertain the identity of the specific Doe infringers.

## II. BACKGROUND

The background of this case is well-reviewed in prior filings, including plaintiff's First Amended Complaint (Doc. 8).

## III. DISCUSSION

In the instant motion, two parties ("Doe 58" and "Doe 116") move the court for an order quashing the subpoenas, and two parties ("Doe 14" and "Doe 6") object to the release of any and all personal information. For reasons discussed below, the moving and objecting parties are referred to herein as "Movants."

All parties assert the issue of protection of privacy, while Doe 58 asserts undue burden.

## IV. ARGUMENTS

Plaintiff responds to the arguments of Movants in asking the court to deny all relief sought in the instant motions.

### A. Burden

"The party moving to quash a subpoena bears the burden of persuasion." *Webster v. Northwest Cancer Specialists*, P.C., No. 11-1543 (D. Or., 2012), citing *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

### 1. Identity of Movants

Movants appear to be unknown. All claim ties to IP addresses which can be linked to the complaint.

Generally, a party's desire to remain anonymous does not outweigh an opposing party's right to present their case and requires a showing of "special circumstances." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Such special circumstances are balanced against the public interests which are best served when litigant's identities are revealed. *Id.* In the present case, there are no such special circumstances claimed. Public policy favors disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Absent a showing of special circumstances that outweigh the court's and the public's interest in an open judicial system, Movants should not be allowed to appear anonymously. As such, Movants motions and objections to the release of any and all personal information should be denied.

### 2. Movants lacks standing to oppose the subpoena

Assuming Movants are merely internet subscribers whose IP addresses have been linked to the unauthorized copying of plaintiff's film, Movants lack standing. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (subpoenas served on MySpace, Facebook, etc.; collecting cases). As such, Movants must claim a personal right or privilege in her subscriber information. Movants do not have a personal right or privilege in their subscriber contact information. In the 9th Circuit, an IP address and even the "to/from" fields for email do not carry an expectation of

privacy as these are the same as the address on a public package. *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007), *citing Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979).  Movants have already caused their IP addresses to be broadcast repeatedly in communications and requests for data, and has through Comcast designated where the deliveries of requested data are to be made.  "[T]here is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider."  *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill., 2009); *see also Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001); *United States v. Simons*, 206 F.3d 392 (4th Cir. 2000).

To the extent Movants claim any privacy interest or First Amendment privilege, in the face of infringing conduct it is necessarily waived. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2nd Cir., 2010) ("…to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."); *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (Plaintiffs rights under the Petition Clause trump any right to remain anonymous.). As such, Movants lack standing or any protectable interest and their motions to quash should be denied.

### 3. There is no undue burden

Doe 58 asserts that allowing his or her ISP to disclose his or her personal information subjects him or her to an undue burden.  Doc. 9, p. 2.  Movant's undue burden argument is misplaced.  The subpoena at issue is directed at CenturyLink, which is an ISP.  A "Doe defendant lacks standing to quash a subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him." *Voltage Pictures, LLC v. Does 1-5,000*,

818 F. Supp. 2d 28, 36 (D.D.C. 2011). Any motion to quash based on undue burden would need to consider the undue burden of the recipient of the subpoena – in this case CenturyLink. There is no undue burden placed on CenturyLink claimed or otherwise. Movant's argument regarding undue burden fails and should not be a basis for Movant's motion to quash.

### 4. Subscriber information is relevant

Some Movants argue while they are subscribers, their wireless routers were not secure, and thus anyone using the network may have committed the infringement. Docs. 9 and 10. As such, an inference can be made that because an IP address may or may not tie directly to the infringer, the subpoena should be quashed. This argument is mistaken.

A "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F2d 637, 642 (9th Cir. 1980). The requested information in this case—subscriber contact information for an IP address—is well recognized and utilized to assist in identifying a party as a matter of course in all manner of proceedings:

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[1]

The 9th Circuit has consistently held an IP address and the related subscriber information is useful and relevant. See *United States v. Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (probable cause existed based on IP address); *United States v. Hay*, 231 F.3d

---

[1] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law, May 10, 2011 available at http://www.justice.gov/criminal/pr/testimony/2011/crm-testimony-110510.html

630, 634–35 (9th Cir. 2000). See also *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007) (comparing an IP address to a telephone number). Two circuit courts have opined that Rule 45 subpoenas of ISPs are proper in obtaining the identity of copyright infringers. *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110.

Movants' subscriber information for IP addresses assigned to Movants through which plaintiff's movie was copied without authorization is useful and relevant information, and is likely to advance plaintiff's claims. Plaintiff's request for this subscriber information is highly relevant. Plaintiff is entitled to seek information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This rule is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978)(cited by *Gillespie*).

The court therefore should deny Movants' objections and motions to quash.

## V.     CONCLUSION

As has been documented to the court, there is a growth industry in copyright infringement. Plaintiff's only mechanism to enforce its rights requires it discover the identity of the subscribers whose internet service was used to pirate plaintiff's motion picture. The subpoenas at issue are the only vehicle by which plaintiff can pursue its copyright claims against those who have infringed its copyright. Without such information, plaintiff is unable to pursue its vested legal right to relief under the copyright law. *Marbury v. Madison*, 5 U.S. 137 (1803).

Plaintiff asks the court to deny Movants all relief sought and find that the subpoenas for the subscriber information in this case are proper for plaintiff's legitimate pursuit of its claims.

DATED: May 6, 2013.

                                      Respectfully submitted,

                                      CROWELL LAW

                                      /s/ Carl D. Crowell
                                      Carl D. Crowell, OSB No. 982049
                                      (503) 581-1240
                                      Of attorneys for the plaintiff