Devon T. Thorson, OSB #116026
email: devon@dthorsonlaw.com
DEVON THORSON, ATTORNEY AT LAW, LLC
1415 Saginaw St S
Salem, OR 97302
(503) 708-3360
Attorney for Subscriber 50

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
Eugene Division

| | |
|---|---|
| THE THOMPSONS FILM, LLC,<br><br>             Plaintiff,<br>   v.<br><br>DOES 1 – 155,<br><br>             Defendants. | Case No.: 6:13-cv-00469<br><br>SUBSCRIBER 50'S OMNIBUS MOTION TO SEVER JOINDER AND QUASH OUTSTANDING SUBPOENAS |

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, the undersigned counsel conferred with plaintiff's counsel via telephone in a good faith effort to resolve the dispute and have been unable to do so. The undersigned counsel also conferred with the Comcast Legal Response Center, which indicated it would comply with plaintiff's subpoena seeking Subscriber 50's information unless a motion was filed and proof sent.

## RELATED CASES

Although not formally related to the instant case, the Court heard oral argument on many of the issues that are the subject of Subscriber 50's motion in the case *Elf-Man v. Does 1-57*.

6:13-cv-00331 (D. Or. Feb. 26, 2013). As of the date of filing the instant motion, the undersigned counsel has reviewed the docket of the *Elf-Man* case, and has not found a decision by the Court, which may effectively moot the present motion or portions thereof.

## IDENTITY OF THE MOVANT

Plaintiff has labeled the individuals that are presently unidentified in this action, but are nonetheless the targets of subpoenas, as "Subscribers" rather than identifying these individuals as defendants or Does. The movant agrees with this label, and therefore any reference to John Doe No. 50 should instead be labeled Subscriber 50.

## MOTION FOR SEVERANCE OF DOES AND QUASHING SUBPOENAS

COMES NOW, Subscriber 50, by and through its undersigned counsel and moves the Court for discretionary severance of Does 2-155 of the instant case for misjoinder, pursuant to Rule 21. Subscriber 50 further moves the Court to quash, pursuant to rule 45(c)(3)(A), and for being outside the scope of discovery, the subpoena served upon Comcast Cable, seeking information that personally identifies Subscriber 50, as well as other numbered Subscribers/Does/Defendants named in the above caption. Subscriber 50 supports its motion to sever and motion to quash ("Motions") based on all documents on file and the Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

Plaintiff The Thompsons, LLC is the copyright holder for a motion picture titled *The Thompsons* (hereafter the "Work"). Plaintiff alleges that the Defendants violated copyright law by using BitTorrent to copy the Work by downloading the movie using the BitTorrent protocol.

Plaintiff explains, in paragraphs 62-64 of the first amended complaint, the process by which a typical defendant allegedly violated its copyright. Although it would be redundant to restate plaintiff's entire factual basis here, a summary of plaintiff's facts may be useful for the analysis of the present motion.

First, according to plaintiff, the defendants have been identified using an IP address and a unique torrent file identifier (a "hash" file). Plaintiff alleges further that the hash file in question was associated with plaintiff's copyrighted work.

Second, plaintiff alleges that the defendants used the BitTorrent protocol in conjunction with a torrent site to download a torrent file containing a hash identifier associated with plaintiff's copyrighted work. The network of BitTorrent users that have all downloaded the torrent file and are actively sharing the data is known as a "swarm."

Third, plaintiff alleges in paragraphs 44-45 of its first amended complaint that the defendants have "collectively acted" in their alleged activity, that the collective action was through the BitTorrent protocol, and that this these actions qualify as arising out of "the same series of transactions or occurrences" as required for permissive joinder.

## II. Legal Standards

### A. Joinder and Misjoinder

Permissive joinder of claims is governed by Federal Rule of Civil Procedure 20, which provides that persons may be joined as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

SUBSCRIBER 50'S OMNIBUS MOTION TO SEVER JOINDER AND   Page 3 of 12
QUASH OUTSTANDING SUBPOENAS

Fed. R. Civ. P. 21.  Rule 20(a)(2) is designed to promote judicial economy and trial convenience.  However, the fundamental fairness must also be considered.  *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000) ("Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side.") (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir., 1980)).

Rule 21 provides that misjoinder is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.  Fed. R. Civ. P. 21.  Thus, the Court is permitted to dismiss Subscriber 50, as well as every other Subscriber Nos. 2-155, from the present litigation by way of severance.

Pursuant to Rule 20(b), a district court is permitted to sever claims or parties where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." See, e.g., *Wynn v. National Broadcasting Company*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]") (citing *Coleman*, 232 F.3d at 1296). *Id.* at 17.

## B. Standing to Quash Subpoenas

A party has standing to challenge a subpoena issued to a third party when the party has a personal right or privilege in the information.  *Third Degree Films v. Does 1-108*, 2012 U.S. Dist. LEXIS 25400, pp.7-8 (D. Md. February 28, 2012).  The decision to remain anonymous… is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio*

*Elections Comm'n*, 514, U.S. 334, 342 (1995). The fact that the Does used the internet does not alter this right. *Reno v. ACLU*, 521, U.S. 844, 870 (1997).

### C. The Court's Authority to Quash Subpoenas

The Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

After courts sever misjoined Doe defendants, they may also quash the outstanding subpoenas seeking to identify those Doe Defendants. *In re: BitTorrent Adult Film Copyright Infringement Cases*. 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 7 2012) Case No. CV -11-3995-DRH-GRB, docket no. 39, pp. 23-25: *Digital Sins Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, docket no. 18,5/15/ 12, p. 7 ("Because I have severed and dismissed all of the claims against the defendants, I hereby, *sua sponte*, quash any subpoena that may be outstanding to any internet service provider seeking information about the identity of any John Doe other than John Doe 1. Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant.").

## II.    Argument

### A. "Swarm Joinder" fails to satisfy the requirements of Rule 20(a)(2)

Plaintiff has relied on "swarm joinder" theory to include Does 2-155 in the instant case. Essentially, plaintiff's theory is that by participating in the same swarm, the defendants have participated in "the same transaction, occurrence, or series of transactions or occurrences" as required for joinder under Fed. R. Civ. P. 20(a)(2). Swarm joinder has been considered in many jurisdictions, and has been rejected by a majority of courts. The Defendants merely "committed

SUBSCRIBER 50'S OMNIBUS MOTION TO SEVER JOINDER AND    Page 5 of 12
QUASH OUTSTANDING SUBPOENAS

the same type of violations in the same way" which is not enough to satisfy the transactional relatedness test. *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, docket no. 18, 5/15/12, p. 3, (McMahon, J.) (severing Does, collecting cases and noting "[t]here is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong"); cf. *AF Holdings LLC v. Does 1-1,1058,* D.D.C. Case No. 12-cv-0048 docket no. 46, 8/6/12 (Howell, J.) (denying ISP's motion to quash but certifying swarm joinder issue for interlocutory appeal to the D.C. Circuit.)

Plaintiff alleges that the defendants downloaded pieces of the same file (the subject of plaintiff's copyright) over *two months apart.*[1] For this reason alone, the defendants could hardly be considered part of the same swarm. *Night of the Templar v. Does 1-25*, N.D. Ohio, 4/10/2013, Case No. 13-cv-00396, docket no. 5 ("a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm."). It is dubious that defendants actually transferred data between each other, and are therefore not part of the same "transaction or occurrence." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5 ("The loose proximity of the alleged infringements (March 5, 2012 – April 12, 2012) does not show that these Defendants participated in the same swarm."); *Hard Drive Productions. Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. August 23,2011) Case No. 11-cv-01566, docket no. 18 (same, 63 days); *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464,8-9 (S.D.N.Y. Sept. 26, 2011) (for defendants to be part of same "swarm," must have downloaded movies at "overlapping" times); *Patrick Collins, Inc. v. John Does 1-54,* Dist. Ariz., Case No. 11-cv-01602 docket no. 34, 3/19/2012, p. 9 (Snow, J.) (finding

---

[1] Plaintiff's Exhibit 1 to the FAC lists the dates of the retrieval of the Subscribers' IP addresses as ranging from 12/02/2012 to 2/18/2013.

two Does in the same swarm were improperly joined because "[p]laintiff alleges no facts that these two particular Defendants shared data with each other, and provides data instead that they were logged on to BitTorrent weeks apart.").

Similar arguments have been made and rejected in copyright infringement suits involving earlier technology peer-to-peer ("P2P") networks.  For example, in *Laface Records, LLC v. Does 1-38*, the Does were found to be improperly enjoined because "merely committing the same type of violation in the same way does not link defendant together for purposes of joinder." 2008 WL 54992, at 1 (E.D.N.C. 2008).  Similarly, in *Interscope Records v. Does 1-25*, the court rejected plaintiff's assertion that joinder was proper because "the Defendants 'have participated in a common scheme or pattern of behavior,' via the downloading and dissemination of Plaintiffs' sound recordings using the same network, 'without which no Defendant would have been able to commit much of the infringing activity.'" 2004 U.S. Dist. LEXIS 27782, at 9 (M.D. Fl. 2004).  Instead, the *Interscope Records* court found that " [Rule 20(a)(2)'s] same transaction requirement… is not satisfied by the fact that the Defendants accessed the songs through [the same P2P network]." *Id.* at 19.

## B. Discretionary Severance is Proper

In *Hard Drive Production*s, the court pointed out three specific reasons why discretionary severance was the proper remedy granted to Defendant Doe. First, Judge Spero pointed out that permitting joinder in such a case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. *Id*.at 11, 14 (citing *See Bridgeport Music, Inc. v. 11 C Music*, 202 F.R.D. 229, 232–33 (M.D.Tenn.) (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys,

and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Here obviously there are not that many Defendant Does, but the realities of consolidating 155 Doe Defendants certainly cuts against promoting judicial economy and trial convenience.

Second, the court pointed out that permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony. *Id*. In this respect, this Court should consider that Exhibit 1 to the Complaint lists eleven different ISP providers whom offer different types of service (home, business and mobile) and each Doe will thereafter have separate and different home, business or mobile (or combinations thereof) network configurations that will allow varied defenses and create issues as to whom could have or would accessed the internet and downloaded the copyrighted "pieces" of the Work and when and where they did so. With each Doe comes a myriad of questions of whether they had a wireless network that could have been accessed, whether the IP came from a public computer or place, and whether any particular Doe's computer may have been compromised.

Finally the *Hard Drive* court found that permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. See *Coleman*, 232 F.3d at 1296. Judge Spero suggested that:

> [t]he joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens

completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

*Id*. The difference between the number of Doe's is not as important as the fact that the same procedural concerns arise and the difference in unmanageability becomes negligible at some point as the court's resources are undoubtedly limited.

Although there are some common questions of law and fact, the different "questions of law or fact" between the different Does will predominate, given that each Doe will have different factual scenarios and legal defenses. See *In re: BitTorrent Adult Film Copyright Infringement Cases*. 2012 U.S. Dist. LEX IS 61447 (E.D.N. Y. May 1 , 2012), Case No. CV-11-3995-DRH-GRB, docket no. 39 (noting the "panoply of individual" defenses the different Doe defendants will have, and finding that "[t]he individualized determinations required far outweigh the common questions in terms of discovery, evidence, and effort required.").

### C. Quashing Subpoenas for Does 2-155 Subpoenas

#### i. Misjoinder.

The subpoenas issued to the Does' internet service providers should be quashed because the defendants were misjoined. To do otherwise would only encourage plaintiffs to try and avoid paying statutorily required filing fees by misjoining as many Does as possible, and then forcing the Does to file, and the Court to hear, motions for severance.

#### ii. Lack of Judicial Economy.

Contrary to *Hard Drive Productions.*, plaintiff argues that Rule 20(a)'s purpose of judicial economy is served by joinder in the present case. Although this is undeniably true for plaintiff, it is a dubious proposition for both the Court and the defendants.

For defendants, the "economy" would include, for example, allowing each of the 155 defendants attend one another's depositions, along with their respective counsels. Other plaintiffs filing cases similar to the instant case in other jurisdictions have avoided this unmanageable situation by not serving the identified defendants after early discovery, but instead voluntarily dismissing the joined cases and sending demand letters to (often *pro se*) defendants to settle the cases for thousands of dollars. Although plaintiff denies any improper use of the legal system such as making "nuisance settlements," the fact remains that plaintiff's position rests between two untenable positions: either it intends to litigate against 155 defendants, and create an unmanageable load of mini-trials for the Court, or it intends to otherwise limit the amount of defendants, possibly by voluntarily dismissal, once it receives discovery and pursue defendants individually (in which case plaintiffs should not have sought joinder in the first place).

### iii. Avoidance of filing fees.

If plaintiff has legitimate claims which deserve litigation, "[p]laintiff will need to pay the requisite filing fee per suit… If [p]laintiff seeks to use the powers of this Court to vindicate its rights, it must pay the requisite fees like every other plaintiff." *Night of the Templar, supra.* at 8.

In considering only the instant case, plaintiff has saved $53,900 in filing fees ($350 multiplied by 154 for Does 2-155). This is not plaintiff's only pending case. In fact, plaintiff has copending cases in Florida (2 cases), Illinois (3 cases), Montana, Ohio, and Washington.[2]

Other plaintiffs filing copyright infringement suits across the country seem to be related to plaintiff, and pursuing a broad theory of joinder as well. In its memorandum supporting its early discovery motion, plaintiff's counsel cites another case filed by him for plaintiff Voltage

---

[2] Obtained by using PACER's case locator on May 7, 2013. Case nos. are Florida: 13-cv-00671 and 13-cv-00320 (both filed 4/25/13); Illinois: 13-cv-02365, 13-cv-02367, and 13-cv-02371 (all filed 3/29/13); Ohio: 13-cv-00260 (filed 3/19/13); Montana: 13-cv-00577 (filed 3/27/13); Washington: 13-cv-0126 (filed 3/27/13).

Pictures, LLC. *Voltage Pictures, LLC v. Does 1 – 371*, 3:13-cv-00295-AA (D. Or. Feb. 22, 2013). Voltage Pictures has filed complaints (39 total as of April 11, 2013), in separate jurisdictions with separate counsel, with strikingly similar language as in the complaint of the instant case. For example, the language of plaintiff's original complaint in paragraphs 72-74, is substantially similar to paragraphs 9-11 of the complaint filed in *Voltage Pictures v. Does 1-44*, N D. Georgia, Case No. 13-cv-00896, docket no. 1, filed 3/20/13, pp. 4-5. If plaintiff is not related to the entities Vision Films and Voltage Pictures, it is a strange coincidence that these complaints would be filed with such similar language, within three months from each other, and in as far reaching jurisdictions as Oregon, Illinois, and Georgia.

It is not practical to attempt to determine the amount of cases filed against unnamed Doe defendants by the present plaintiff and plaintiff's associated entities. However, it is reasonable to assume that the plaintiffs in these cases are collectively saving hundreds of thousands of dollars in statutorily required filing fees by using joinder in the present wave of litigation.

///

///

///

///

///

///

///

///

///

**III. Conlcusion.**

SUBSCRIBER 50'S OMNIBUS MOTION TO SEVER JOINDER AND    Page 11 of 12
QUASH OUTSTANDING SUBPOENAS

WHEREFORE, for the above stated reasons, Subscriber 50 respectfully requests that the Court enter an Order quashing subpoenas for Does 2-155 of the instant case, or in the alternative, quashing the March 20, 2013 subpoena issued to Subscriber 50's ISP, Comcast Cable Co. regarding IP address 71.237.154.147.  Subscriber 50 further requests the Court enter an Order severing Does 2-155, or alternatively, severing Subscriber 50 from the present action.

DATED: May 7, 2013.

        Respectfully submitted,

        Devon Thorson, Attorney at Law, LLC

        /s/ Devon T. Thorson
        Devon T. Thorson, OSB #116026
        Email: devon@dthorsonlaw.com
        1415 Saginaw St S
        Salem, OR 97308
        (503) 708-3360
        Attorney for Subscriber 50.